

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# McCabe v. Voegele Mech Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"McCabe v. Voegele Mech Inc" (2004). *2004 Decisions.* Paper 510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

───────────

NO. 03-3444

───────────

JAMES P. MCCABE,
                              Appellant

v.

VOEGELE MECHANICAL, INC.

───────────

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-07938)
District Judge:  Hon. Berle M. Schiller

───────────

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2004

BEFORE:  AMBRO, ALDISERT and STAPLETON, <u>Circuit Judges</u>

(Opinion Filed: July 8, 2004 )

───────────

STAPLETON, Circuit Judge:

Appellant James McCabe ("McCabe") was a sixty-six year old plumber when he was laid off on December 19, 2001, by appellee Voegele Mechanical, Inc. ("Voegele"). He brought this action asserting claims under the Age Discrimination in Employment Act ("AEDA"). The District Court granted summary judgment to Voegele, and this appeal followed. We will affirm.

The District Court found that McCabe had tendered a *prima facie* case. It concluded, however, that a reasonable trier of fact, based on the evidence tendered by Voegele, could not find that McCabe's termination was attributable to age discrimination rather than the legitimate, non-discriminatory reasons Voegele put forward – the work to be done called for fewer plumbers, resulting in a reduction in force, and McCabe was regarded as the slowest of the plumbers employed on the site.

The District Court's opinion contains a thorough and accurate analysis of the evidence in the summary judgment record viewed in the light most favorable to McCabe. We agree with the conclusion there reached for substantially the same reasons there given.

The undisputed evidence indicated that the tapering design of the building where McCabe was working – the Dockside Project – mandated a reduction in force as the job progressed to the ninth floor. McCabe testified that he was working on the eighth floor when he was laid off and that the carpenters whose work had to precede his were also on that floor. There was no admissible evidence that, following McCabe's termination, Voegele had plumbing work available either at the Dockside Project or at any other Voegele site.

With respect to McCabe's productivity, Mr. Murtha, the project foreman and the one who made the termination decision, testified that Mr. Campbell, McCabe's unit foreman, told him that McCabe was "the least productive man I had on copper," requiring two days to do a "B" unit. McCabe insisted that it took him only a day and a half to do a "B" unit, but Murtha testified such a unit could normally be done in six to ten hours, and there was no contrary evidence.

With respect to the testimony regarding the Christmas party and McCabe's theory that Mr. Voegele there learned of McCabe's age and determined to fire him, there is no competent evidence that Mr. Voegele learned McCabe's age at the party and, on this record, McCabe's theory is sheer speculation.

The judgment of the District Court will be affirmed.